## Kramer *against* Stock.

To maintain an action on the case, it is necessary that the party charged should have committed an illegal act, from which positive or consequential damage has ensued. To sue for a debt which had been previously tendered to the party, is not actionable.

ERROR to the common pleas of *Northumberland* county.

Frederick Kramer against Martin A. Stock. This was an action on the case, in which the plaintiff thus laid his cause of action:—

Martin A. Stock, late of said county, yeoman, was attached to answer Frederick Kramer, of a plea of trespass on the case. And whereupon the said Frederick, by James Merrill, his attorney, complains, for that, whereas on the 4th day of April 1835, the said Frederick made and delivered his certain single bill, or writing, obligatory, whereby he promised to pay, four months after date, to James Murray, or order, thirteen dollars and ninety cents, for value received; which said single bill, on the 6th day of April 1835, became for the use it was directed by the said James Murray, to be paid to said Martin A. Stock. And whereas, afterwards, to wit, the 14th day of August, 1835, while said single bill was for the use of said Martin, as aforesaid, and while the said sum of money was due and payable to the said Martin, the said Frederick, at the county aforesaid, offered to pay the said sum of money to the said Martin, and tendered to him the money, and demanded the said single bill from the said Martin; and the said Martin refused to receive the said money, and refused to deliver up the said single bill, and falsely and knowingly, and knowing the same to be false, and with an intention to vex, harass, and oppress the said Frederick, and to bring a malicious, illegal, and oppressive action against the said Frederick, then and there denied and disclaimed all knowledge or possession of the said single bill, and all right to said sum of money, or any part of it. And whereas, afterwards to wit, the second day of September 1835, the said Martin, maliciously, wrongfully, and unjustly, intending to vex, harass, oppress and injure said Frederick, caused to be sued and prosecuted, from Isaac Jones, Esq., a justice

[Kramer v. Stock.]

of the peace, duly commissioned, and residing and keeping his office in Louisburg, and having jurisdiction in the premises, while the said Frederick resided in Chapman township, thirty miles from the said office, a writ called a summons, directed to the constable of Lewisburg aforesaid, by which said writ the said constable was commanded that he should summon the said Frederick to be and appear before the said Isaac Jones, on the 8th day of September then next, to answer James Murray, for the use of Charles Drum, for the use of Martin A. Stock, of a plea of demand, on promissory note, not exceeding 100 dollars.  And the said Martin wrongfully and unjustly continuing, and intending to vex, harass, oppress, injure, and for the very purpose of unjustly and unlawfully accumulating costs on the said Frederick, and of causing the said Frederick great pain of body and mind, and great expense of time and money, caused and procured the said constable to serve the said summons at a distance of more than thirty miles on the said Frederick, and to return the said summons to the office of the said justice, at the distance aforesaid.   Whereas in truth and in fact, at the time of the issuing and serving of the said summons so as aforesaid, caused and procured by the said Martin as aforesaid, there was a justice of the peace, duly commissioned, who had by law jurisdiction over claims of an amount equal to the said sum specified in the said single bill, residing and keeping his office within one mile from the residence of the said Frederick, in Chapman township aforesaid.   And said Frederick further saith, that such proceedings thereupon had on the summons, that on the 8th day of September 1835, then next, judgment by the said justice in favour of the said Martin against the said Frederick, for the sum of thirteen dollars and ninety-seven cents, from which judgment said Frederick entered and prosecuted his appeal to the court of common pleas of the county of Union aforesaid.   Upon hearing of which appeal, before the said court, in March 1836, it was considered and adjudged by the said court that said Martin should have and recover from the said Frederick debt, interest and costs.   And the said Frederick further saith, that on the 31st day of March 1836, he paid to George F. Miller, Esq., attorney for the said Martin, fourteen dollars and fifty-one cents in full, of the debt and interest, and on the 1st of April 1836, he paid to Robert P. Maclay, then prothonotary, &c., seven dollars and thirty-eight cents costs in said suit, of all which the said Martin had notice.

By means of which several promises, he, the said Frederick, not only suffered great pain of body and of mind, and was greatly exposed and injured in his credit and circumstances, and was prevented and hindered from performing and transacting his lawful affairs and business during the time spent by him in said suit, and travelling thirty miles, to be performed and transacted, and was forced to lay out and expend large sums of money, to wit: One hundred dollars in and about the premises, and is and hath been greatly injured

[*Kramer v. Stock.*]

and damnified by means of the premises, to the damage of said plaintiffs 500 dollars, &c.

The facts as laid were proved, and the jury found a verdict for the plaintiff for 150 dollars damages.

On a motion in arrest of judgment, and for a new trial, the court below (Lewis, president) was of opinion, that the facts laid were not actionable, and arrested the judgment.

*Merrill* and *Grenough*, for plaintiff in error, cited 1 *Com. Dig.* 278; 2 *Saund. Pl. Ev.* 651; 1 *Saund. Pl. Ev.* 336; 1 *Bac. Ab.* 95; 2 *Stark.* 921; 3 *East* 313, 120; 4 *Serg. & Rawle* 23; 5 *Johns.* 125; 17 *Mass. Rep.* 190; 1 *Bos. & Pul.* 388; 5 *Cowan* 351; 2 *Wils.* 302; 9 *East* 277; 8 *Watts* 215.

*Bellas*, for defendant in error, cited 1 *Peters' C. C. Rep.* 207; 1 *Salk.* 13; 1 *Penns. Rep.* 232; 8 *Watts* 240; 2 *Saund. Pl. Ev.* 652; 1 *Bac. Ab.* 96; 1 *Saund. Rep.* 228; 3 *Term Rep.* 185.

The opinion of the court was delivered by

SERGEANT, J.—There does not seem to be laid in this declaration a sufficient ground for the maintenance of an action. The refusal of the money by the defendant, when tendered by the plaintiff, was an act which he might or might not do at his peril, there being no law to oblige him to take it, further than that he would lose the interest and costs of suit, if the plaintiff properly availed himself of his defence in the action to be brought against him before the magistrate. For by the act of 1705, sect. 2, in all cases where a tender is made, and the party to whom it is made refuses the same, and yet afterwards sues for the debt, the plaintiff shall not recover any costs of suit. Instead, however, of releasing himself by this course, the defendant denied the debt before the magistrate, and even appealed from his judgment, thereby causing a useless and protracted litigation, and involving himself in costs. It is very true, the conduct of the defendant seems to have been wanton and vexatious; but an action does not lie for every vexatious and malicious act by one man against another. Were it so, it is to be feared that our courts would abound with infinitely more suits than they do at present, and would be the arenas of never ending jars and recriminations, on matters comparatively of minor importance to society. In former times, when continental money was a legal tender, the debtor followed his flying creditor, hunting him down with as little mercy as the creditor, after the return of peace, pursued the debtor. 9 *Serg. & Rawle* 267. Yet we do not find any action brought on that account. To sustain an action on the case, it is necessary that the party should have committed an illegal act, from which positive or implied damage ensues. Thus, to say A is a bastard, and I am the heir, is not actionable, because he is a party concerned, and asserts a right. *Aliter*, if he had not added, " and I am the heir."

X.—L

Savil *v.* Roberts, *Salk.* 14. So in an action for a malicious prosecution, it is a good defence if the defendant had probable cause, because in that case the law justifies the proceeding, however malicious may have been the motives of the defendant. So to bring an action, though there be no good ground, is not actionable. *Ibid.* But if one abuses the process of the law, as by maliciously holding to bail, an action lies. So wantonly to levy a second execution, after a former levy, or for a larger sum than is due, or after the debt has been paid, have been held actionable—for all these are illegal, and damage is thereby sustained. But here the defendant recovered in his suit, and there is no pretence whatever, therefore, for a suit against him on this ground.

Then as to the grievance stated, of the plaintiff being summoned before a magistrate out of his own township, and at the distance of thirty miles from his residence, there was nothing contrary to law in that. The acts of assembly permit it, and, if wrong, it can be altered only by an act of the legislature. There is probably great difficulty in devising a system on the subject which would be free from inconveniences to one party or the other. At all events, we must abide by the law as it is, and the plaintiff cannot recover damages against the defendant for doing a legal act.

Judgment affirmed.