# Muldoon *versus* Rickey.

1. No action lies to recover damages for the prosecution of a civil suit, however unfounded, where there has been no actual interference with either the person or property of the defendant.

2. A. instituted certain actions of ejectment against B. for divers tracts of land, to which he set up no title, but which he claimed had been improved with moneys loaned by him to B. On the trial, he was non-suited. B. thereupon brought an action on the case to recover damages from A. for the alleged malicious prosecution of said suits: *Held*, that the action would not lie.

March 22nd 1883. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, and CLARK, JJ., absent.

ERROR to the Court of Common Pleas No. 2, of *Philadelphia county*: Of January Term 1883, No. 212.

Case, by Alexander Rickey against John Muldoon, to recover damages resulting to plaintiff from the institution and prosecution of certain actions of ejectment against him by the plaintiff. The narr. averred that said suits were instituted maliciously and without probable cause, and that in consequence thereof the plaintiff was injured in credit and circumstances, and was hindered and prevented from using the properties in question, to borrow money for his business, by means whereof he was damaged. Plea, not guilty.

On the trial, before FELL, J., the evidence disclosed the fact that defendant, believing that plaintiff had used certain moneys loaned him by defendant in the improvement of the lots in question, had instituted actions of ejectment therefor,

[Muldoon *v.* Rickey.]

and had, on the trial, been nonsuited. It also appeared that in consequence of the institution of said actions, plaintiff had found it impossible to raise money upon a mortgage of the property in question.

Defendant requested the court to charge, inter alia, as follows :

" A suit in ejectment, however unfounded, not being a seizure of the party's property and not disturbing his possession, cannot be made the ground of an action for damages. If the person be not arrested or his property seized, *it is unimportant how futile and unfounded the action may be.*" Refused.

The court charged the jury, inter alia, as follows : " The allegation here is that Mr. Muldoon, simply having an ordinary claim upon book account or due bill against Rickey, resorted to improper measures by issuing a writ of ejectment, in order that it might be indexed and placed upon the records in the prothonotary's office, where it would be notice to anybody who was purchasing Mr. Rickey's property, the effect of which was to prevent Mr. Rickey from doing anything with his real estate. An action of ejectment does not lie in such a case as this. . . . . In order to sustain action for malicious abuse of legal process two things are necessary ; that there was want of probable cause and that there was malice, not one or the other, but both. It must be shown that the plaintiff had no reasonable ground for supposing that he had such a cause of action as indicated by the writ, and that his action in the matter, although it may have been done ignorantly and stupidly, was also done maliciously and with a view to injuring a party, or with malice in its legal sense, which is a disregard of the rights of others. [I say to you that the issuance of writs of ejectment by Mr. Muldoon in these cases, if he simply had a claim upon a book account or due bill against Mr. Rickey, was without probable cause.] It is for you to say whether that act without probable cause was also done maliciously. If it was done without probable cause that fact alone is sufficient ground for the inference of malice."

Verdict and judgment for the plaintiff, for $3,500. The defendant took this writ of error, assigning for error, inter alia, the refusal of the above point, and the portion of the charge above quoted within brackets.

*E. Cooper Shapley* and *George W. Biddle* ( *William Gorman* with them), for the plaintiff in error.—This case is ruled by the recent case of Eberly *v.* Rupp, 9 Norris 259.

The prosecution of an action of ejectment will not sustain an action for the malicious abuse of civil process : Bacon's Ab. Action on Case (H.) 141 ; Buller's Nisi Prius, 11 ; Savil *v.* Rob-

erts, 1 Salk. 14; Waterer *v*. Freeman, Hobart, 205, 266; Parker *v*. Langley, Gilbert's Cas. 163; Goslin *v*. Wilcock, 2 Wils. 305; Cotterell *v*. Jones, 11 C. B. 715; Purton *v*. Honnor, 1 Bos. & Pull. 205; Munns *v*. Dupont, 1 Am. L. C. 261. The only cases where such actions lie, are those in which a capias, attachment or fi. fa. has been vexatiously and improperly issued: Cooley on Torts, 189; Taylor *v*. Wilson, 1 Coxe 362; Woodmansie *v*. Logan, 1 Pennington 68; Thomas *v*. Rouse, 2 Brev. (S. C.) 75; Ray *v*. Law, 1 Pet. C. C. 207; Potts *v*. Imlay, 1 Southard 330; Kramer *v*. Stock, 10 Watts 115; Mayer *v*. Walter, 14 Smith 283; Watt *v*. McCarter, 4 Leg. & Ins. Rep. 11; Eberly *v*. Rupp, 9 Norris 259; Herman *v*. Brookerhoff, 8 Watts 240; Wengert *v*. Beashore, 1 Penna. 232; McCullough *v*. Grishobber, 4 W. & S. 201. Ejectment is a mere possessory action. Entry of the institution of an action of ejectment on the judgment docket does not constitute a lien. It is a mere statutory device to insure notice to persons dealing with the title.

*J. M. Moyer*, for the defendant in error.—The bringing of an action of ejectment casts a cloud over the title, and when maliciously done should form ground for an action. The effect of the statutory notice and lien is equivalent to a seizure of the defendant's property pending the ejectment, for it destroys its marketability: Canal Co. *v*. Torrey, 7 Am. L. Reg. 611; Hoyt *v*. Macon, 2 Col. 114; Sommer *v*. Wilt, 4 S. & R. 19; Foster *v*. Sweeny, 14 S. & R. 386; Prough *v*. Entriken, 4 Jones, 85; Mayer *v*. Walter, 14 Smith, 283; Closson *v*. Staples, 42 Vt. 209. It is not denied that the actions of ejectment were issued without cause or probable cause of action, nor that the defendant therein suffered damages by reason of their pendency. Such damage was proximate and not remote. There was ample evidence of malicious intent to go to the jury.

Mr. Justice GORDON delivered the opinion of the court, April 16th 1883.

This is an action on the case, brought by Alexander Rickey, the plaintiff below, against John Muldoon, the defendant, for the recovery of damages resulting from the malicious institution and prosecution, by Muldoon, of certain actions of ejectment, fully set out and described in the plaintiff's narr., and which were finally disposed of by non-suits. An attempt is made in the declaration to charge special damage, but as there was no interference with either the person or property of the defendant, it does not appear that he suffered damage of any kind except such as may be regarded as necessarily incident to all actions of this character. The action of ejectment tempora-

[Muldoon *v.* Rickey.]

rily clouds the title to the property in controversy, and so may for the time prevent a sale of or mortgage upon it. But a damage of this kind is not more direct than that resulting from the expenses, loss of time, and often loss of credit, arising from the ordinary forms of legal controversy. All are troublesome, expensive and often ruinous, and if for such damage the action of case could be maintained, there would be no end of litigation, for the conclusion of one suit would be but the beginning of another. It has, therefore, been wisely determined that for the prosecution of a civil suit, however unfounded, where there has been no interference with either the person or property of the defendant, no action will lie. In Potts *v.* Imlay, 1 South'd 330, Chief Justice KIRKPATRICK alleged that the books for four hundred years back had been searched to find an instance where an action on the case for the malicious prosecution of a civil suit, like the one then trying, had been successfully maintained, and that it was conceded by the counsel for the plaintiff that no such case had been found. He also in this connection cites with approval the case of Parker *v.* Langley, Gil. Ca. 161, wherein it was said : " An action on the case has not yet succeeded, but only where the plaintiff in the first suit made the course of the court, requiring special bail, a pretense for detaining another in prison, and where the malice was so specially charged that it appeared that the end of the arrest was not the expectation of benefit to himself by a recovery, but a design of imprisoning the other." And in the case of Woodmansie *v.* Logan, Penn. 67, the same learned judge expresses a doubt whether actions for malicious prosecution in civil cases will lie at all.

Our own cases, whilst they do not carry the doctrine stated quite as far as those cited, do, nevertheless, confine actions of this kind to very narrow limits. Thus, it was held in Kramer *v.* Stock, 10 Watts 115, that to sustain an action on the case for malicious prosecution, it was necessary that the party should have committed an illegal act from which positive or implied damage ensued, but that to bring an action, though there was no good ground for it, was not such an illegal act. On the other hand, where one abuses legal process, as by maliciously holding one to bail, or wantonly levies an execution for a larger sum than is due, or after the payment of the debt, an action will lie against him, " for these are illegal acts, and damage is thereby sustained."

Again, Mr. Justice SHARSWOOD, in the case of Mayer *v.* Walter, 14 P. F. S. 283, has without qualification declared, that a mere suit, however malicious or unfounded, cannot be made the ground of an action for damages. " If," says the learned justice, " the person be not arrested, or his property seized, it

7 OUTERBRIDGE.—8

[Muldoon *v.* Rickey.]

is unimportant how futile and unfounded the action may be, as the plaintiff, in consideration of law, is punished by the payment of costs."

Then again, we have the case of Eberly *v.* Rupp, 9 Nor. 259, the very latest expression of this court upon the subject in hand, and a case much stronger in its facts than the one under consideration, for there the action was for the recovery of damages resulting from the service of a writ of estrepement. But it was held that the action could not be maintained, inasmuch as the writ, being purely preventive, neither arrested the person of the defendant nor seized his goods. It will also appear, upon an examination of the opinion in that case, that the point now under discussion is there met and disposed of.

In opposition to this array of authorities the counsel for the defendant in error has produced nothing that can have weight with this court. We have examined his citations of Pennsylvania cases, but find none of them in point. They are all founded upon illegal arrests of the persons of the plaintiffs, or the unlawful seizure of their goods; they are, therefore, not at all like the case under discussion, in which damages are sought to be recovered which arise only from the failure to successfully prosecute a suit in a court of common law. It is true, Muldoon's ejectments were almost without the pretence of foundation, nevertheless he found a respectable lawyer to issue the writs for him, and so it happens continually, suits are brought, and defences are made to suits, which are found in the end to be utterly abortive, but, in all such cases, the winning party has his costs, and these are legally supposed to be his sufficient compensation, and his adversary's sufficient punishment. The old rule of amercement for the false claim or defence of a party plaintiff or defendant has long fallen into disuse, and to revive it in the shape of an action on the case, would, to say the least of it, result in no good.

The judgment of the court below is now reversed,
and a new venire ordered.