# Garland, Appellant, *v.* Wilson.

*Malicious prosecution—Malicious use of legal process—Pending equity suit—Abuse of legal process.*

1. An action of trespass for malicious use of legal process, cannot be maintained, if the equity suit on which it is founded is still pending.

2. An action for an abuse of legal process lies only where there is an unlawful interference with a person or property, under color of the process.

3. Regular and legitimate use of process, though with a bad intent, is not a malicious abuse thereof.

4. An action for the alleged malicious abuse of process by issuing a bill in equity, if nothing is done beyond the plain requirements of the bill and prayer, cannot be maintained, although the issuing of the bill might constitute a malicious use of process.

*Receivers—Corporations—Proposed corporation.*

5. A receiver may be appointed for the assets of a proposed corporation, when the project has failed.

Argued March 16, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.

Appeal, No. 56, March T., 1927, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1926, No. 2068, for defendant, on questions of law raised by affidavit of defense, in case of John W. Garland v. John S. Wilson. Affirmed.

Trespass for malicious abuse of process. Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on questions of law. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*W. A. Griffith,* of *Griffith & Balter,* for appellant.— The statement of claim set forth a valid and enforceable

cause of action in trespass for malicious abuse of process: Mayer v. Walter, 64 Pa. 283; Sacchetti v. Sandt, 64 Pa. Superior Ct. 311; Whelan v. Miller, 49 Pa. Superior Ct. 91.

The court in the equity proceedings had no jurisdiction to appoint a receiver for a proposed corporation, the appointment of said receiver was absolutely void and subject to collateral attack in any proceeding wherein it came in question: Adams's App., 113 Pa. 449; Guckert v. Hacke, 159 Pa. 303; Tonge v. Pub. Co., 244 Pa. 417; Schmitt v. T. & T. Co., 61 Pa. Superior Ct. 301; Gravestine's App., 49 Pa. 310; Hogsett v. Thompson, 258 Pa. 85.

*John A. Metz,* with him *A. S. Fingold,* for appellee.— The statement of claim fails to set forth the necessary requisites of an action for malicious abuse of process: Norcross v. Otis Bros. & Co., 152 Pa. 481.

The action for abuse of process lies for the improper use of process after it has been issued, not for maliciously causing it to issue: Bonney v. King, 201 Ill. 47; Wood v. Graves, 144 Mass. 365; Kramer v. Stock, 10 Watts 115.

The jurisdiction of the court to appoint a receiver to take charge of the property of the proposed hotel corporation cannot be attacked collaterally in this proceeding: Adams's App., 113 Pa. 449.

OPINION BY MR. JUSTICE WALLING, April 11, 1927:

In the spring of 1919, John W. Garland, the plaintiff, was the promoter of a project to erect a hotel in Pittsburgh, to be known as the "Roosevelt Hotel." For that purpose he undertook to incorporate the Roosevelt Hotel Company, with a capital stock of two and one-half million dollars and parties were authorized to obtain subscriptions thereto. An option was secured on a suitable site, but stock to the par value of $44,000 only was sold and the project failed. No charter therefor was secured

or, so far as appears, applied for. The money not being returned to the subscribers, John S. Wilson, the defendant herein, who had subscribed and paid for $1,000 of the stock, on June 29, 1920, filed a bill in equity on behalf of himself and other stockholders, against Garland and other parties, averring, inter alia, and in effect, that they had used the $44,000 to complete the purchase of the hotel site and planned to erect upon it a theater; also that they had raised money by a mortgage thereon with which they had purchased a leasehold in a theater on Fifth Avenue; that Garland was insolvent and that the stockholders, so called, were liable to lose the $44,000. The bill prayed for the appointment of a receiver to take charge of the assets and property of the proposed Roosevelt Hotel Corporation, and also prayed for an order restraining the defendants in the bill from selling or otherwise disposing of such assets, including the property purchased therewith. The court granted the restraining order and appointed the Colonial Trust Company temporary, and, after due notice, permanent receiver for the Roosevelt Hotel Company. No effort was made to change the status until January, 1926, when Garland petitioned the court to vacate the order appointing the receiver, for want of jurisdiction. Upon due consideration this petition was refused and on appeal such refusal was affirmed. See Wilson v. Garland, 287 Pa. 291. The equity suit is yet untried, but Garland brought this action in trespass against Wilson, claiming $1,787,500 as damages because of the alleged malicious use and abuse of legal process, by reason of the filing, etc., of the bill in equity. Wilson filed an affidavit of defense raising legal questions only, in the nature of a demurrer; thereupon the trial court entered judgment for the defendant and plaintiff has appealed.

In our opinion the judgment was rightly entered. The claim on its face appears to be one for malicious use of legal process; treating it as such it could not be maintained as the equity suit on which it was founded is still

pending: 38 C. J. 466, 467. This is manifest, for one of the necessary requisites of such action is want of probable cause, which cannot be determined until the suit is ended. It is urged, however, for appellant that the claim is in reality for an abuse of legal process, which occurs when process after being issued is used for some unlawful purpose. See Siegel v. Netherlands Co., Inc., 59 Pa. Superior Ct. 132; Whelan v. Miller, 49 Pa. Superior Ct. 91; Wood v. Bailey, 114 Mass. 365, 11 N. E. 567; 32 Cyc. 541. The action lies only when there is an unlawful interference with a person or property, under color of the process. "If the person be not arrested nor his property seized, it is unimportant how futile and unfounded the action may be": Mayer v. Walter, 64 Pa. 283, 289; and see Norcross v. Otis Bros. & Co., 152 Pa. 481; Reams v. Pancoast, 111 Pa. 42; Muldoon v. Rickey, 103 Pa. 111; Eberly v. Rupp, 90 Pa. 259. Regular and legitimate use of process though with a bad intent is not a malicious abuse thereof: Bonney v. King et al., 201 Ill. 47, 66 N. E. 377; 19 Am. & Eng. Enc. of L. (2d ed.) 632. In the instant case, the receiver was appointed pursuant to the prayer in the bill and took possession of the identical property claimed therein as that of the proposed Roosevelt Hotel Corporation and none other. The bill makes the title to that property a main issue, and if it was obtained as averred by the money of the appellee and other stockholders, the claim is prima facie well founded. Whether it was or not can be settled in the equity suit and not in this collateral proceeding. In any event, so long as nothing was done beyond the plain requirements of the bill and prayer, while it might constitute a malicious use of process, it would not be an abuse thereof.

Plaintiff's statement contains many strong averments, but in our opinion they are not such as to show an abuse of process. After enumerating the alleged items of damage it avers, "All of which plaintiff lost as a direct result of the filing of said bill by defendant" and further avers "that the bill was filed for the purpose of ruining

plaintiff." But the filing of the bill was not an abuse of process. True, the statement avers that on the day and after the bill was filed appellee made a conditional threat to ruin appellant and run him out of Pittsburgh. But neither the language used, nor the party to whom made, nor the method by which it was to be accomplished, is stated. It is also averred that, in discussing the question of a compromise, shortly after the bill was filed, appellee's attorney offered to withdraw the equity suit on certain conditions. Nothing was done by virtue of what the attorney said, and if the above circumstances tended to show anything it was an improper purpose in filing the bill. See Prough v. Entriken, 11 Pa. 81.

We do not agree with appellant's contention that the appointment of the receiver was void for lack of jurisdiction in the court to make it. True, a receiver cannot be appointed for an individual who is sui juris, or for his property (Hogsett et al. v. Thompson et al., 258 Pa. 85, 89), but here the prayer was for a receiver of the assets of the proposed corporation. There was a technical error in appointing the receiver for the proposed corporation instead of for its assets, but as Judge SHAFER said the intent was plain and that was amendable. A receiver may be appointed for a partnership, for a corporation, or for a defunct or dissolved corporation (23 R. C. L., p. 36), and no reason appears why one may not be for the assets of a proposed corporation when the project has failed. Many parties are interested, the assets are liable to be dissipated and it would seem to be a proper case for the aid of equity and so the courts have held. "The jurisdiction of equity to entertain suits by subscribers to abortive corporations, to recover from the promoters or provisional directors money which they have advanced in support of the scheme, rests upon the two grounds of fraud and trust, the promoters or provisional directors being trustees of the subscribers, and in such suits the general rules governing suits in equity apply": 14 C. J. 277. In aid of that jurisdiction the

power to appoint a receiver is undoubted. He is an arm of the court and the place to determine the fidelity with which he has executed his trust is in the suit and court where he was appointed and not in a collateral action of trespass against the plaintiff therein. It is not necessary to discuss the other reasons suggested in support of the trial court's conclusion.

The judgment is affirmed.