## King, Appellant, *v.* Bernstein.

Submitted June 15, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Michael King,* appellant, in propria persona.

*Jay H. Tolson,* and *Solomon, Tolson & Resnick,* for appellee.

OPINION BY FLOOD, J., September 13, 1962:

This is an appeal from an order sustaining preliminary objections in the nature of a demurrer to the plaintiff's complaint for malicious use of legal process and dismissing his complaint without leave to amend.

The effective averments are that the defendant, maliciously and without cause, sued the plaintiff, as administrator of the estate of Nat Cohen, deceased, in the County Court of Philadelphia for the sum of $1005.26, with interest, for printing material; that the evidence given by the defendant at the trial of that suit was false and untrue; that a verdict was rendered for the present plaintiff from which the defendant did not appeal and that the defendant subsequently instituted another suit in Camden, New Jersey, upon the same claim, naming South Jersey Shopper, Inc. and the plaintiff individually as defendants in that action.

The court below had no alternative to sustaining the defendant's demurrer to the plaintiff's complaint in view of the decision of the Supreme Court in *Publix Drug Company v. Breyer Ice Cream Company,* 347 Pa. 346, 32 A. 2d 413 (1943).

While the action has not been so limited in all jurisdictions, in Pennsylvania no recovery has been allowed for malicious use of process unless there was some interference with the person or property of the defendant in the earlier action. Ibid. This has been laid down in a long line of Pennsylvania cases running from *Kramer v. Stock,* 10 Watts 115 (1840), to the *Publix Drug Company* case, supra. In the latter case the court quoted with approval the following statement of Justice SHARSWOOD in *Mayer v. Walter,* 64 Pa. 283, 289 (1870): "Now, undoubtedly, a mere suit, however malicious or unfounded, cannot be made the ground of an action for damages. If the person be not arrested or his property seized, it is unimportant how futile and unfounded the action may be; as the plaintiff, in con-

sideration of law, is punished by the payment of costs: Ray v. Law, 1 Peters C.C. 210; Kramer v. Stock, 10 Watts 115."

Since it appears that the earlier action involved only an unsuccessful attempt by the defendant to obtain a money judgment against the plaintiff, without any interference with the person or property of the plaintiff, the plaintiff could not recover upon a trial of the case. Consequently, the court below properly dismissed the complaint without granting the plaintiff leave to amend.

Order affirmed.