## Feingold v. Greenstone

*Irving Katz*, for plaintiff.

*Francis P. Devine, Allen L. Feingold, Aaron I. Rappeport, III* and *Arthur L. Lefco*, for defendants.

KALISH, *J.*, June 13, 1979—

## I. BACKGROUND

Defendants to this action sought to join this plaintiff, Allen Feingold, as an additional defend-

ant in the action of Stadvec v. Hausman on October 20, 1976. Stadvec involved a slip and fall incident in front of premises operated by all of the present defendants except for Elias Magil. The latter represented these present defendants in 1976 and sought to join this present plaintiff in Stadvec due to his alleged failure to inform the present defendants of the need for liability insurance on the premises in question. Judge Prattis dismissed this petition to join the present plaintiff on November 5, 1976. Subsequently, on November 8, 1978, this plaintiff filed this action containing the following causes of action: Libel, malicious prosecution, malicious abuse of process, tortious misrepresentation and tortious disparagement of character and professional ability. Defendants have demurred by way of preliminary objections to this complaint.

## II. DISCUSSION

A. Plaintiff in Count V contends that the petition to join himself as an additional defendant in Stadvec amounts to defamation of his character. Neither party disputes the principle that there is an absolute privilege for statements made during the course of a judicial proceeding: Greenberg v. Aetna Insurance Co., 427 Pa. 511, 235 A. 2d 576 (1967); Richards v. Conklin, 575 P. 2d 588 (Nev. 1978); Romero v. Prince, 85 N.M. 474, 513 P. 2d 717 (N.M. App. 1973). However, the statements are privileged only if they are relevant to the particular proceeding. Ibid.

Plaintiff contends that by virtue of Judge Prattis' dismissal of the petition to join himself, it is clear that defendants improperly attempted to add irrelevant statements to Stadvec. The test under

Greenberg is clear: "When alleged libelous or defamatory matters, or statements, or allegations and averments in pleadings or in the trial or argument of a case are pertinent, relevant and material to *any issue in a civil suit*, there is no civil liability for making any of them." (emphasis supplied), supra at 514. It is clear to this court that Judge Prattis' dismissal does not mean that the attempt to join plaintiff was irrelevant. On the contrary, assuming the facts alleged by these present defendants to be true, in their petition to join they stated sufficient facts relevant to their right of indemnification against plaintiff, which right would be relevant to the underlying tort action of Stadvec. Furthermore, joinder being a procedural devise, it may be refused not on the basis of irrelevance, but simply on the basis of complication of the issues or causing unreasonable delay of the action.

In any event, even at the preliminary objection stage, "if questioned or challenged by the opposite party, all reasonable doubts (if any) should be resolved in favor of relevancy and pertinency and materiality." Greenberg, supra, at 514-515. This court hastens to point out that even if the allegations in the petition to join were false and made without reasonable cause, plaintiff is still barred from an action in libel since the statements were relevant and so privileged.

B. Plaintiff in Count I and Count III alleges that the petition to join him in Stadvec was intended to interfere with his person and property. As such, he claims that he has been subject to malicious prosecution (more commonly known as malicious use of process on the civil side) and malicious abuse of process.

The essential elements in malicious use of process include: (1) the former proceedings terminated favorably to this plaintiff; (2) the defendant instituted the previous action without probable cause; (3) the defendant acted with malice; and (4) there was some interference with the plaintiff's person or his property: Publix Drug Co. v. Breyer Ice Cream Co., 347 Pa. 346, 32 A. 2d 413 (1943). This last element requires either arrest of the person or seizure of his property: Garcia v. Wall & Ochs, Inc., 256 Pa. Superior Ct. 74, 395 A. 2d 957 (1978); DeLeo v. Munley, _____ Pa. Superior Ct. _____, 395 A. 2d 957 (1978). Plaintiff here has alleged injury to his business reputation. This is insufficient to meet the requirements of this element. "[I]njury to reputation and loss of consortium are the kind of secondary consequences which the seizure requirement was designed to make noncompensable." Garcia, supra, at 610. This requirement of arrest of person or seizure of property has been an element of this cause of action for almost 140 years. As such, it must be retained until overruled by the Supreme Court: Garcia, supra.

Furthermore, the former proceedings did not terminate favorably to this plaintiff. Joinder is an optional procedural devise. Failure to join or severance by the court does not affect substantive rights.

Malicious use of process focuses on wrongful initiation of process while malicious abuse of process concerns any improper use of civil process after an action has been instituted: Prosser on Torts, §§120, 121 (4th ed. 1971). But malicious abuse of property also requires the arrest of the person or seizure of his property. "If the person be not arrested nor his property seized, it is unimportant how futile and unfounded the action may be." Beadle v. Friel, 320

Pa. 560, 564, 183 Atl. 761 (1936); Garland v. Wilson, 289 Pa. 272, 137 Atl. 266 (1927). Therefore, both counts are dismissed for the same reason.

C.  Plaintiff in Count VII alleges that he was the victim of a tortious misrepresentation to the court. Although not specifically attacking this cause of action under this category, defendant's objection to plaintiff's allegation of fraud will be treated as sufficient to test the sufficiency of the allegation of tortious misrepresentation.

Among the elements of this tort is the requirement that the recipient of the fraudulent misrepresentation justifiably rely on the misrepresentation to the detriment of plaintiff: Borelli v. Barthel, 205 Pa. Superior Ct. 442, 211 A. 2d 11 (1965). Plaintiff has alleged that defendants' misrepresentations misled the court (Par. 50). Elsewhere in plaintiff's amended complaint, he has admitted that the court dismissed defendants' petition to join plaintiff (Par. 13). Therefore, it cannot be said that the court was in any manner misled.

Additionally, plaintiff's claim of tortious misrepresentation resembles section 873 of the Restatement, Torts. "A person who, with knowledge of its falsity, makes an untrue statement concerning another which he realizes will harm the other is liable to the other for such resulting harm as he should have realized might be caused by his statement." However, the Restatement, 2d, Torts now omits section 873 since it is covered by section 623A which reads:

"One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if a) he intends for publication of the statement to result in

harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and b) he knows that the statement is false or acts in reckless disregard of its truth or falsity."

A plaintiff is barred from bringing this action if defendants have an absolute privilege because the statement has a relation to an issue in a judicial proceeding: Restatement, 2d, Torts, §§586, 587, 635. Since, as already discussed, the statements in the case at hand are related to and relevant to the Stadvec judicial proceeding, the cause of action in tortious misrepresentation would be barred by this privilege even if plaintiff's allegation of misrepresentation was sufficient.

D. Plaintiff in Count IX alleges that he was subject to tortious disparagement of character and professional ability. Defendants do not specifically object to this cause of action in their preliminary objections. However, their objections to the libel action will be treated as sufficient to test this cause of action because of the close similarity of the two.

"A statement is disparaging if it is understood to cast doubt upon the quality of another's land, chattels or intangible things. . . ." Restatement, 2d, Torts, §629. This is a "tort that has never been greatly favored by the law" and so is subject to the same absolute privileges in judicial proceedings as found in defamation cases: Prosser on Torts, §128 (4th ed. 1971). This court has already determined that plaintiff is barred from bringing the defamation action due to defendants having an absolute privilege. This absolute privilege also serves to bar plaintiff's tortious disparagement claim.

Finally, plaintiff's claim for punitive damages in Counts II, IV, VI, VIII and X must also be dismissed

since the underlying actions to which they are related are to be dismissed.

Defendants raised the question of the statute of limitations to plaintiff's claims for the first time at the oral argument on the preliminary objections and supplemental brief presented at that time. Plaintiff properly objected to this. The issue of the expiration of the statute of limitations is properly raised under new matter under Pa.R.C.P. 1030 rather than by preliminary objections. However, had defendants pleaded the issue by way of preliminary objections, the court in the interest of judicial economy may have considered it: Cooper v. Downingtown School District, 238 Pa. Superior Ct. 404, 357 A. 2d 619 (1976).

Therefore, the preliminary objections of defendants are sustained.

## ORDER

And now, June 13, 1979, it is hereby ordered and decreed that defendants' preliminary objections to plaintiff's amended complaint are sustained and the amended complaint is dismissed.