## A. B. Murray Co., Inc. v. Mehrkam

*Darlington Hoopes* and *E. Jay Tract,* for plaintiff.

*Frederick O. Brubaker,* for defendants.

SCHAEFFER, *J.,* April 7, 1980—On November 13, 1979, A. B. Murray Co., Inc. (plaintiff) filed a complaint in assumpsit against Terrence E. Mehrkam and Helena Mehrkam (defendants),

seeking to recover the sum of $694.80, with interest thereon, for certain merchandise "sold and delivered" to defendants. On November 30, 1979, defendants filed an answer, containing new matter and a counterclaim, in the latter of which defendants alleged that on or about July 13, 1979, they had made payment in full for the merchandise involved, and that thereafter, on November 13, 1979, plaintiff "maliciously and/or negligently" filed its complaint in assumpsit against them. Defendants demanded damages for embarrassment and humiliation, loss of time in order to prepare their defense, and legal fees and expenses. Thereafter, on December 31, 1979, plaintiff filed preliminary objections in the nature of a demurrer to defendants' counterclaim. After the filing of briefs, this court heard oral argument on February 4, 1980.

In their counterclaim, defendants attempt to state a cause of action for malicious use of civil process. However, accepting as true the well pleaded facts in defendants' counterclaim, along with the fair and reasonable inferences therefrom, Dumont Television and Radio Corp. v. Franklin Electric Co. of Phila., 397 Pa. 274, 154 A. 2d 585 (1959); Jones v. Nissenbaum, Rudolph and Seidner, 244 Pa. Superior Ct. 377, 368 A. 2d 770 (1976), we nevertheless conclude that defendants have failed to state facts sufficient to satisfy the following elements of the cause of action for malicious use of civil process:

(1) that the proceeding in which plaintiff filed its complaint has terminated favorably to defendants. See Publix Drug Company v. Breyer Ice Cream Company, 347 Pa. 346, 32 A. 2d 413 (1943); Garland v. Wilson, 289 Pa. 272, 137 Atl. 266 (1927), and

(2) that there was an arrest of defendants or an interference with their property. See Publix Drug Company v. Breyer Ice Cream Company, supra; Garcia v. Wall & Ochs, Inc., 256 Pa. Superior Ct. 74, 389 A. 2d 607 (1978); Roberts v. Gibson, 214 Pa. Superior Ct. 220, 251 A. 2d 799 (1969); Triester v. Tenants Association, 2067 October Term, 1978, in Superior Ct. Opinion filed on November 16, 1979, not yet recorded.

If we construe defendants' counterclaim as sounding in negligence, we nevertheless hold that defendants have failed to state a cause of action. It would be anomalous for the law to hold a person liable for an act done negligently when in the same factual situation, he would not be liable for the same act done wilfully and maliciously.*

Accordingly, we enter the following

---

*In their brief, defendants contend that their counterclaim states a cause of action for negligence in instituting the action in assumpsit. This contention is sufficiently answered by the following statement made by Mr. Justice Sharswood in the leading case of Mayer v. Walter, 64 Pa. 283 (1870):

". . . [U]ndoubtedly, a mere suit, however malicious or unfounded, cannot be made the ground of an action for damages. If the person be not arrested or his property seized, it is unimportant how futile and unfounded the action may be; as the plaintiff, in consideration of law, is punished by the payment of costs . . ." Id. at 289. See also Publix Drug Company v. Breyer Ice Cream, supra, 347 Pa. at 350, 32 A. 2d at 415 (quoting Mayer); Garcia v. Wall & Ochs, Inc., supra, 256 Pa. Superior Ct. at 77-78, 389 A. 2d at 609 (quoting Mayer). The courts of Pennsylvania have never recognized a cause of action for negligence in instituting a civil action. Therefore, we conclude that defendants' counterclaim fails to state a cause of action in this respect as well.

## ORDER

And now, April 7, 1980, it is ordered and decreed that plaintiff's demurrer to defendants' counterclaim in the above captioned action is sustained, and defendants are allowed to file an amended counterclaim in this matter within 20 days after the service of a certified copy of this opinion and order upon them, or their counsel of record.