## Rabecs v. Northeastern Bank of Pennsylvania

*David Knauer*, for plaintiff.
*Peter J. O'Brien*, for defendant.

THOMSON, *J.*, January 28, 1981—The within matter comes now before us on defendant bank's preliminary objections to plaintiff's complaint, sounding in trespass. The objection which has been presented to us for determination is a simple one; whether plaintiff's complaint, comprised of three counts, one, for malicious prosection, one, for abuse of process, and the last, for intentional infliction of mental distress sets forth a cause of action upon which relief may be granted.

## I. Malicious Prosecution and Abuse of Process

The cases in Pennsylvania have long held that the distinction between the two aforementioned forms or causes of action is that malicious *use* of civil process involves the wrongful initiation of such process, while *abuse* of civil process is concerned with a perversion of a process after it is

issued: Publix Drug Co. v. Breyer Ice Cream, 347 Pa. 346, 32 A. 2d 413 (1943). The instant case involves a situation where defendant bank allegedly confessed judgment on a note wherein plaintiff's husband, from whom she was separated, had forged her signature, and whereafter the said bank wrongfully issued execution with knowledge of the forgery. Depending on when, if ever, defendant could be shown to have acted with malice or without probable cause to believe it could be successful in this action, it would appear on the surface that plaintiff has plead a cause of action on either of these counts. However, there is another traditional Pennsylvania Rule of Law which we feel acts as a bar to the said action.

A long line of cases, commencing with Kramer v. Stock, 10 Watts 115 (1840), have adopted the old, if now often criticized "English Rule," requiring a "seizure" of a person's property or arrest of a person to maintain a cause of action of this nature. This rule has persisted, and been followed by our courts, in such recent cases as Garcia v. Wall & Ochs, Inc., 256 Pa. Superior Ct. 74, 389 A. 2d 607 (1978), and Triester v. 191 Tenants Assoc., 272 Pa. Superior Ct. 271, 415 A. 2d 698 (1979), despite a questioning as to the policy basis for the rule, and for consideration of abandoning the rule for that of the Restatement, 2d, Torts, §674 (see concurrence of Spaeth, J. in Triester, supra). We find no difference between this case and the rationale of Muldoon v. Rickey, 103 Pa. 110 (1883), wherein it was held that the creation of a temporary cloud on plaintiff's title, preventing him from securing a loan and causing his credit to suffer was insufficient to satisfy the "seizure" requirements. Certainly, under the facts of the instant case, plaintiff has plead no greater interference with her property than that which occurred in Muldoon, as the Muldoon court observed:

"[Such suits] are troublesome, expensive and often ruinous, and if for such damage the action of [the] case could be maintained, there would be no end of litigation, for the conclusion of one suit would be but the beginning of another. It has, therefore, been wisely determined that for the prosecution of a civil suit, however, unfounded, where there has been no interference with either the person or property of the defendant, no action will lie."

Hence, the "seizure" requirement still being an integral part of the cause of action of both malicious prosecution, and malicious use of process, defendant's demurrer to the first two counts of plaintiff's complaint must be sustained.

## II. Intentional Infliction of Mental Stress

This is a comparatively new tort, whose scope has widened since its appearance in Pennsylvania. It is required under our law that an act be done with knowledge on the part of the actor that severe emotional distress is substantially certain to be produced by his conduct: Forster v. Manchester, 410 Pa. 192, 189 A. 2d 147 (1963). The court in Forster went on to state that the rule is designed to impose liability where the actors conduct has "gone beyond all bounds of decency," so that the "average member of the community" would be lead to regard the conduct as "outrageous."

In Sinn v. Burd, 486 Pa. 146, 404 A. 2d 672 (1979), it was held that the mere fact that it might be difficult to prove the elements of the cause of action should not act as a bar to the aggrieved parties' right to an opportunity to prove his case. In other words, the court should not usurp what is essentially a jury question, whether or not defendant's conduct is "outrageous" within the meaning of our law, and has, in fact, culminated in the com-

plained of harm. Here, we feel that such a jury question, even if possibly a difficult one for plaintiff to establish, has been presented, and feel that the jury should rule on it, rather than the court as a matter of law.

Defendant has also argued in its brief, that this action should be barred by the applicable statute of limitations: 42 Pa.C.S.A. §5523. While there is grave doubt on our part whether the very general demurrer interposed by defendant to plaintiff's complaint properly puts this issue before us under Pa.R.C.P. 1017(b)(4), we feel that under the instant factual situation, the possible bar of the statute should be raised under "new matter" as a responsive pleading, thus again framing an issue of fact to be ultimately resolved by a jury.

In accordance with all of the above, we issue herewith the following

## ORDER

And now, January 28, 1981, defendant's demurrer to counts one and two to plaintiff's complaint are sustained. Defendant's demurrer to count three thereof is overruled. Defendant is given 20 days from date to file an answer to the remaining count of the complaint.