## DeGeyter *v.* Keller, Appellant.

*Malicious prosecution—Malicious use of civil process—Wrongful entry of judgment in ejectment—Evidence.*

A judgment on a verdict for plaintiff in an action for malicious use of civil process will be sustained, where it appears that the plaintiff had been wrongfully ejected from premises under a judgment entered on a warrant of attorney that had been exhausted by a prior entry of judgment in ejectment for the same premises, and it also appears that there had been personal quarrels between the defendant and the wife of the plaintiff.

Argued Oct. 3, 1917. Appeal, No. 88, Oct. T., 1917, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1903, No. 1333, on verdict for plaintiff in

420     DeGEYTER *v.* KELLER, Appellant.

Statement of Facts—Opinion of the Court. [68 Pa. Superior Ct.
case of Gustave J. DeGeyter v. Marian Keller.    Before
ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART,
TREXLER and WILLIAMS, JJ.    Affirmed.

Trespass for malicious use of civil process.    Before
McMICHAEL, P. J.

At the trial it appeared that plaintiff had been ejected
from premises under a judgment entered on a warrant of
attorney which had been exhausted by a prior entry of
judgment in ejectment for the same premises.    There
was also evidence of personal quarrels between defend-
ant and plaintiff's wife.

Verdict and judgment for plaintiff for $100.    Defend-
ant appealed.

*Errors assigned* were in admitting evidence as to quar-
rels between plaintiff's wife and defendant, and in refus-
ing binding instructions for defendant.

*Albert E. Peterson,* for appellant, cited: Graver v.
Fehr, 18 W. N. C. 311.

No printed brief for appellee.

OPINION BY KEPHART, J., December 13, 1917:

This is an action for malicious use of a civil process.
In all such actions it is necessary to show that the person
has acted maliciously, without reasonable or probable
cause: Mayer v. Walter, 64 Pa. 283.    The evidence
shows that the plaintiff was wrongfully ejected from the
premises by a writ issuing on a judgment that had no
legal foundation.    It was entered on a warrant of at-
torney that had been exhausted by a prior entry of a
judgment in ejectment for the same premises.    There is
sufficient testimony from which the jury might find that
the defendant acted maliciously and without reasonable
or probable cause.    The testimony complained of was
proper for the consideration of the jury and the assign-

ments of error to the charge of the court are without merit.

The judgment is affirmed at the cost of the appellant.