### HODGKINS v. BECKNER.

### McDERMOTT v. SAME.

### Nos. 55, 56.

Municipal Court of Appeals for the District of Columbia.

March 29, 1943.

Earl H. Davis, of Washington, D. C., for appellants.

Tracy L. Jeffords, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Plaintiffs brought separate actions in the Small Claims and Conciliation Branch of the Civil Division of the Municipal Court, each seeking recovery of $50. The cases were consolidated for trial and consolidated here for argument.

Plaintiffs' claims arose out of an agreement made in 1939, by which a number of property owners in a residential block in the City of Washington, including plaintiffs, each delivered to defendant the sum of $50 upon defendant's undertaking to acquire title to an apartment house in the block and thereby prevent it falling into the hands of those deemed undesirable by the property owners. The sums were delivered to defendant and he acquired title to the property. In 1942 defendant sold the apartment house, and plaintiffs contend that by the agreement of 1939 the defendant was bound, upon sale of the property, to return the sums received from them.

After hearing testimony of plaintiffs and their witnesses, and without hearing from defendant, the court announced: "Both cases dismissed." The court evidently meant that findings for defendant were to be entered, for that was done and judgments rendered upon such findings.

The Small Claims and Conciliation Branch of the court was established by Act of Congress of March 5, 1938.[1] The Act prescribes a special and informal procedure for the conduct of trials in that Branch. The trial judge is required, prior to trial, to make an earnest effort to settle the controversy by conciliation; and Rule 14(c) of the Branch requires him, as a part of his effort at conciliation, to elicit from defendant or his attorney a statement as to the nature of the defense. If such effort fails, the judge must conduct the trial in such manner as to do substantial justice and is not bound by statutory provisions or rules of practice, procedure, pleading or evidence, except such provisions relating to privileged communications. In the light of the practice prescribed by statute and by rules, we have examined the stenographic report of the trial proceeding and testimony and we conclude the trial judge was not justified in deciding the cases without hearing defendant's testimony.

We do not hold the testimony of plaintiffs compelled findings in their favor, but we think it was sufficient to require defendant to present responsive testimony on his behalf. Summary dismissals in the Small Claims Branch, without a full hearing from both sides, are not justified save in exceptional cases.

The judgments are reversed with instructions to award new trials.

Reversed.

[1] D.C.Code (1940) §§ 11—801 to 820, inc.