## Silver, Appellant, v. Korr.

Argued January 10, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

*James D. Christie,* with him *Harry A. Dower* and *Perkin, Twining & Dower,* for appellant.

*Robert K. Young,* with him *Morris Efron* and *Bernard Frank,* for appellees.

OPINION BY MR. JUSTICE BELL, March 17, 1958:

A narrow question is involved: Was plaintiff's claim for relief barred by laches? Plaintiff, who is the appellant, brought a complaint in equity against her brother, Max Korr, and Florence Korr, widow of her brother Leon Korr, individually and as executrix of Leon's estate. She prayed for an accounting of certain partnership assets pursuant to a partnership agreement entered into by her in 1937, and for a statutory dissolution of the partnership.

Appellees filed preliminary objections averring that plaintiff's claim was barred (a) by laches, inasmuch as the action was not commenced until June 18, 1954, and (b) by the non-joinder of a necessary party, to wit, her husband, Nathan Silver, who was also a partner. Plaintiff thereupon filed an amended complaint in which she joined her husband, Nathan Silver, as a party defendant, and averred further facts in an attempt to overcome the bar of laches.

In the amended complaint, plaintiff alleged that she entered into a written agreement of partnership on January 1, 1937 (a copy of which was attached), with her sister, Esther Korr and her brother, Max Korr, for purposes of conducting and managing a motion picture business in Allentown, Pa., known as the Earle Theatre. Plaintiff further alleged (1) that another brother, Leon, who, as above mentioned, is now deceased,

entered the business in 1942 and became a partner in 1944, and that the partnership of 1937 was either dissolved without notice to her or is still in existence; (2) that the interest of Esther Korr was purchased by the partnership in 1946; (3) that plaintiff received $5 to $10 per week from the partnership for the first few months in 1937 and has received nothing since that time, despite frequent demands and promises beginning in 1944, repeated in 1946, and in 1952; (4) that since December 30, 1944, the enterprise has been conducted either by Max Korr or by Leon Korr or by Max Korr and Florence Korr, widow of Leon Korr, or by a partnership consisting of Max Korr, Leon Korr or Florence Korr, individually and/or as executrix of Leon's estate, and by *Nathan Silver, her husband.*

There was included in plaintiff's original complaint a copy of a written partnership agreement dated December 30, 1944, made by Max Korr, Leon Korr and Nathan Silver, plaintiff's husband. This agreement involved the identical assets and business mentioned in the 1937 agreement upon which plaintiff based her present claim. The 1944 agreement is inconsistent with the 1937 agreement and plaintiff's present claim.

Plaintiff explains her delay in filing suit by alleging that in response to her request for an accounting in 1944 Max Korr and *Leon Korr* asked her to refrain from legal proceedings because of the possibility of breaking up the family economic unit and because of possible adverse effect upon her brother Leon; that her request for an accounting in 1946 was refused by Max Korr, who promised her she would be taken care of, and that any legal proceedings would endanger according to Leon Korr and Max Korr, the life of Leon, who was allegedly suffering from a serious heart ailment; and that after Leon's death her counsel "explored the possibility of settlement".

The lower Court sustained defendants' preliminary objections on the ground of laches and consequently dismissed plaintiff's complaint. Plaintiff's excuses furnish no legal or equitable grounds to justify her delay in instituting a suit to establish her claim.

It is well established that "Preliminary objections or pleadings in the nature thereof admit as true all facts which are well and clearly pleaded, but not the pleader's conclusions therefrom or averments of law: Gardner v. Allegheny County, 382 Pa. 88, 94, 114 A. 2d 491; Narehood v. Pearson, 374 Pa. 299, 302, 96 A. 2d 895. Preliminary objections should be sustained only in cases which are clear and free from doubt: Gardner v. Allegheny County, 382 Pa., supra; London v. Kingsley, 368 Pa. 109, 81 A. 2d 870; Waldman v. Shoemaker, 367 Pa. 587, 80 A. 2d 776.": *Todd v. Skelly,* 384 Pa. 423, 428, 120 A. 2d 906.

Laches can be taken advantage of by demurrer. or by preliminary objections without requiring a plea or answer to bring it to the notice of the Court; however, in such a case, the laches must be clearly apparent from the bill or petition itself: *Bowie Coal Company Petition,* 368 Pa. 102, 82 A. 2d 24, and cases cited therein.

In *First National Bank v. Lytle Coal Co.,* 332 Pa. 394, 396, 3 A. 2d 350, the Court said: " 'Equity will not lend its aid to one who has slept upon his rights until the original transaction is obscured by lapse of years and death of parties: Kinter v. Commonwealth Trust Co., 274 Pa. 436, and where a party having the right to set aside a transaction stands by and sees another dealing with the property in a manner inconsistent with his alleged claim and makes no objection, a delay of six years will bar a suit in equity: Brown v. Kemmer, 214 Pa. 521. . . .' "

In the absence of fraud or concealment, it is a general rule that laches follows the statute of limitations and will bar all transactions that occurred beyond the six year limitation of the statute: *Hornsby v. Lohmeyer*, 364 Pa. 271, 279, 72 A. 2d 294; *Ebbert v. Plymouth Oil Co.*, 348 Pa. 129, 34 A. 2d 493.

In *Grote Trust*, 390 Pa. 261, 135 A. 2d 383, we dismissed a claim because of laches arising from long lapse of time, deaths and attendant circumstances. The Court said (pages 269-270) : "Laches arises when a defendant's position or rights are so prejudiced by length of time and inexcusable delay, plus attendant facts and circumstances, that it would be an injustice to permit presently the assertion of a claim against him. Cf. Hammond v. Hopkins, 143 U. S. 224; Barnes and Tucker Co. v. Bird Coal Co., 334 Pa. 324, 5 A. 2d 146; 19 Am. Jur. §§498, 511; 30 C.J.S. §§112, 115, 119; Paull v. Paull, 384 Pa. 2, 119 A. 2d 93; First National Bank of Pittston v. Lytle Coal Co., 332 Pa. 394, 3 A. 2d 350."

Laches is clearly apparent from the averments of plaintiff's complaint and amended complaint and under the foregoing authorities bars her claim.

Decree affirmed at appellant's cost.