Erie, Appellant, v. Gulf Oil Corporation.

384

Argued March 18, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*Gerald J. Weber,* City Solicitor, with him *Thomas Mszanowski,* Assistant City Solicitor, for appellant.

*Robert N. Spaeder,* with him *John T. Clary,* and *Marsh, Spaeder, Baur, Spaeder & Schaaf,* for appellee.

OPINION BY MR. JUSTICE BELL, April 20, 1959:

The City of Erie filed this complaint in equity in behalf of its citizens who are residents of the area affected by the matter in controversy.

Defendant is the owner of a parcel of ground at the northern terminus of Pennsylvania Avenue in the City of Erie, the acreage of which is undisclosed. The property is presently being used for approximately 13 oil and gasoline storage tanks with capacities of from 15,000 to 425,000 gallons. Defendant proposes to erect

on this property a gasoline storage tank with a capacity of 1,800,000 gallons. The property is within the area designated for zoning as "Heavy Industry" under the Zoning Ordinance of the City of Erie dated December 7, 1937, as amended, and *said ordinance contains no prohibition* against the construction of oil or gasoline storage tanks of any size in the City of Erie.

The lower Court, in a very able opinion by Judge BURTON R. LAUB, sustained defendant's preliminary objections in the nature of a demurrer, and dismissed the complaint unless the City amended it within 20 days. The City did not amend its complaint, but instead took this appeal.

The City's complaint averred that the construction of such a large storage tank would constitute a public nuisance for the following reasons: (a) The location of the proposed tank is less than 1,000 feet from a large number of dwelling houses; (b) the size of the proposed tank represents a vast enlargement over any tank in Erie; (c) oil and gasoline are highly volatile, flammable and explosive, and when set aflame are extremely difficult to control; (d) an explosion has the capacity to cause large and wide-spread injuries and destruction; (e) the proposed construction would add to the menace of explosion and fire; (f) the proposed construction would depreciate the value of neighboring properties; (g) the proposed construction would present an ever present mental hazard to citizens within the area of possible danger; (h) the proposed construction would present a fire and explosion hazard beyond the capacity of control by the fire department of the City; (i) the proposed construction would constitute a public nuisance.

Preliminary objections in the nature of a demurrer "admit as true all *facts* which are well and clearly pleaded, but not the pleader's conclusions therefrom or

averments of law: Narehood v. Pearson, 374 Pa. 299, 302, 96 A. 2d 895; Gardner v. Allegheny County, 382 Pa. 88, 94, 114 A. 2d 491.": *Silver v. Korr*, 392 Pa. 26, 29, 139 A. 2d 552. Cf. also *Kelly v. Philadelphia*, 382 Pa. 459, 465, 115 A. 2d 238.

In this industrial age, persons living in or near a commercial or industrial area must subject their personal desires, comforts and the depreciated value of their property to the public good. Oil and gasoline are vitally important to the American people qua individuals; and even more important, they are vitally necessary for our Country's welfare and economic progress. In order to be readily available for use, they have to be stored somewhere; if properly stored they can be safely stored. In an industrial or commercial neighborhood oil or gasoline storage tanks are not a nuisance per se.

An injunction to restrain a threatened nuisance will not be granted unless the facts show that the proposed construction or the use to be made of the property will be a nuisance per se, or if not a nuisance per se, then under the circumstances of the particular case, "a nuisance must necessarily result; . . . . it must be practically certain, not merely probable."

The present complaint is almost word for word the same as the complaint in *Pennsylvania Company v. Sun Co.*, 290 Pa. 404, 138 A. 909. In that case property owners sought to enjoin the construction of oil storage tanks with a capacity of 75,000 gallons—one tank 83½ feet from their property, and the other tank 417 feet. This Court held that the storage of oil was not a nuisance per se, and sustained preliminary objections to the bill, on the ground that the complaint was based on a mere apprehension of danger without adequate foundation. That case is squarely in point and directly controls the present case. The Court's

opinion in the *Pennsylvania Company v. Sun Co.* case analyzed at length and dismissed all the contentions which are made by this appellant; consequently it will be necessary for us to quote only briefly therefrom. The Court said:

". . . In this age, persons living in a community or neighborhood must subject their personal comfort to the commercial necessities of carrying on trade and business. . . . The wrong or injury resulting from the pursuit of a trade or business must be plainly manifest or certain to follow: Rhodes v. Dunbar, supra, p. 290; Wier's App., 74 Pa. 230. . . .

"The law has determined that some businesses are, under certain conditions, nuisances per se. A nuisance per se, as relating to private persons, is an act or use of property of a continuing nature offensive to and *legally** injurious to health and property, or both. . . .

". . . The statement that the use becomes a menace is but a conclusion based on these antecedent conjectures.

"There is no allegation in the bill that the construction is improper, that the equipment is not of the ordinary and usual kind, or that the regulation of the plant and its supervision is not of the best; nor does the bill aver that there will be a failure to afford proper appliances in its conduct. . . .

"What we have said may be summarized briefly in this way: Where it is sought to enjoin an anticipated nuisance, it must be shown (a) that the proposed construction or the use to be made of property will be a nuisance per se, (b) or that, while it may not amount to a nuisance per se, under the circumstances of the case a nuisance must necessarily result from the contemplated act or thing. See 7 A.L.R. 749; 26 A.L.R.

---

* Italics throughout, ours.

937. The injury must be actually threatened, not merely anticipated; it must be practically certain, not merely probable. . . .

". . . We have decided that gasoline in storage in built up sections is not only *not a nuisance per se, but it is not dangerous as a fire hazard*: Manorville Boro v. Flenner, 286 Pa. 103. We said in Rhodes v. Dunbar, supra, that the apprehension of danger from fire was speculative and could not become the basis of equitable interference . . . *not the amount of gasoline stored, but the manner of its storage,* determines the question of danger therefrom and that as here stored in modern scientifically constructed tanks it is not dangerous. . . ."*

In *Kelly v. City of Philadelphia,* 382 Pa. 459, 115 A. 2d 238, plaintiff sought an injunction against the operation by the City of Philadelphia of a proposed municipal incinerator having a capacity of 600 tons, on the ground that it would create a nuisance. This Court said (page 464):

"Our decisions are in accord with those of the majority of jurisdictions that before an injunction will be granted to restrain a threatened nuisance it must clearly appear that a nuisance *will necessarily result* from a contemplated act which it is sought to enjoin. In Pennsylvania Co., etc. et al. v. Sun Co., 290 Pa. 404, 138 A. 909, we said at p. 413: '. . . Where it is sought to enjoin an anticipated nuisance, it must be shown (a) that the proposed construction or the use to be made of property will be a nuisance per se, (b) or that, while it may not amount to a nuisance per se, under the circumstances of the case a nuisance must necessarily result from the contemplated act or thing.

---

* It is a matter of common knowledge that science in the last 30 years has greatly improved safeguards against explosions and fire hazards.

See 7 A.L.R. 749; 26 A.L.R. 937. The injury must be actually threatened, not merely anticipated; it must be practically certain, not merely probable. . . .'."

The principle asserted and reasserted by these cases governs the instant case. The storage of oil or gasoline in tanks does not create a nuisance per se. There is no averment—and certainly no statement of facts to support an averment—that the proposed construction or the proposed use will be a nuisance per se, or that a nuisance will necessarily result from the proposed construction or use, or that the proposed tank is unsafe because of the kind of the material or equipment to be used, or the manner of its construction, or that the proposed structure will necessarily or practically certainly result in an explosion or a fire, with consequent great injury or damage to neighboring residents.

The Decree is affirmed; costs to be paid by appellants.