Dumont Television and Radio Corporation, Appellant, *v.* Franklin Electric Co. of Phila.

Argued April 23, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*Edwin P. Rome,* with him *Morris L. Weisberg, Goncer M. Krestal,* and *Blank, Rudenko, Klaus & Rome,* for appellant.

*Meyer E. Maurer,* with him *Wexler, Mulder & Weisman,* and *Miller, Adelman & Lavine,* for appellees.

OPINION BY MR. JUSTICE BELL, September 30, 1959:
Plaintiff filed a complaint in trespass claiming actual damages of $50,000 and punitive damages of $25,000 with interest and costs, for tortious harm. The complaint alleged that plaintiff is a creditor of Lewis Dion—an individual who traded as Dee's, Dee's Radio, Dee's Television, Dee's Radio & Record Outlet, Dee's Appliance Center, and Dee's Radio & Record Stores—

in the amount of $94,640, and is also a judgment creditor of Lewis Dion, in an unstated amount "by reason of a judgment obtained by plaintiff on March 10,* 1958"; that Franklin Electric Co., by its President, on April 10, 1958, filed an involuntary creditor's petition in bankruptcy against Lewis Dion in the United States District Court, averring that it was a creditor of Lewis Dion in the amount of $500 when it knew that it was a creditor of Dee's Inc., a Pennsylvania corporation, which had on March 10, 1958 filed a voluntary petition for an arrangement under Chapter XI of the Bankruptcy Act in the United States District Court; and that defendants' aforesaid action was taken with the purpose to hinder and delay the true creditors of Lewis Dion, and constituted an *abuse* of civil process which caused severe financial loss to plaintiff.

The lower Court sustained defendants' preliminary objections in the nature of a demurrer, but gave plaintiff leave to amend its complaint within 20 days "if it is able to allege facts which amount to a valid cause of action under the law of Pennsylvania." Plaintiff failed to amend its complaint, but instead immediately took an appeal to this Court from the Order of the lower Court sustaining defendants' preliminary objections.

"Preliminary objections in the nature of a demurrer 'admit as true all facts which are well and clearly pleaded, but not the pleader's conclusions therefrom or averments of law: Narehood v. Pearson, 374 Pa. 299, 302, 96 A. 2d 895; Gardner v. Allegheny County, 382 Pa. 88, 94, 114 A. 2d 491': Silver v. Korr, 392 Pa. 26, 29, 139 A. 2d 552.": *Erie v. Gulf Oil Corp.*, 395 Pa. 383, 386, 150 A. 2d 351.

---

* The bankruptcy proceedings disclose that this judgment was entered on judgment notes totaling $62,700 which Dion gave to plaintiff one or two days before March 10, 1958.

Plaintiff seeks in this State action of trespass to attack collaterally the standing or right of defendant corporation to be a petitioning creditor in the bankruptcy proceedings in which Lewis Dion was adjudicated a bankrupt. Plaintiff's theory, which is unsupported by any authority, is that defendants' filing of an involuntary creditor's petition in bankruptcy against Lewis Dion when they knew they had no claim against Dion individually caused plaintiff to lose a lien which it obtained one month previously, and thus constituted an intentional *abuse* of civil process for which damages are recoverable in a State Court.

A lien obtained under State law is nullified by the Bankruptcy Act only if it was obtained within four months of the petition in bankruptcy and if at the time the lien was obtained the debtor was insolvent or the lien was in fraud of the provisions of the Bankruptcy Act of June 22, 1938, as amended July 7, 1952, 66 Stat. 427, 11 U.S.C., §107 (a)(1). See also §§18(b), 59 and 67(a). See also *Stratton v. New*, 283 U. S. 318, 321-322. Plaintiff's factual averment that it had obtained a judgment *one month* prior to the petition for involuntary bankruptcy without averring that Dion was insolvent when the lien was obtained would not support its conclusion that defendants caused it to lose its judgment lien rights, and such a bare conclusion is unsupported by the facts or the law.

It is apparent from the complaint, and the bankruptcy proceedings show, that Lewis Dion was adjudicated a bankrupt, although at whose instance is not disclosed by the record in this case. Not only did the complaint fail to aver whether Lewis Dion was adjudicated a bankrupt by the Bankruptcy Court, and if so whether he was adjudicated a bankrupt as a result of defendants' petition, but equally important, plaintiff failed to aver that Dion was insolvent at the time

plaintiff obtained its judgment on March 10, 1955. These vitally essential facts are, inter alia, important prerequisites to its recovery in this suit.

The Federal Courts have paramount and exclusive jurisdiction of bankruptcy proceedings (with the right of such Courts to allow State Courts to decide certain questions which have arisen in connection with the bankruptcy proceedings) including, of course, the right to adjudge a person bankrupt: *International Shoe Company v. Pinkus,* 278 U. S. 261; *Faitoute Iron and Steel Co. v. Asbury Park,* 316 U. S. 502; *Stratton v. New,* 283 U. S. 318; *Thompson v. Magnolia,* 309 U. S. 478, 483; *Lambert v. National Hog Co.,* 72 Pa. Superior Court 378.

While the Federal Courts have the paramount power to determine whether the Bankruptcy Act has been complied with, and whether the person who initiated the petition qualifies as a petitioning creditor under §59 of the Bankruptcy Act, nevertheless an action will lie, under certain circumstances, in a State Court for a malicious use or abuse of civil process: *Johnson v. Land Title Bank and Trust Co.,* 329 Pa. 241, 198 A. 23. Cf. also *Myers v. International Co.,* 263 U. S. 64, 73; *Stewart v. Sonneborn,* 98 U. S. 187.

Plaintiff seeks to recover allegedly for an abuse but actually for a misuse of civil process, and it therefore becomes important to determine what are the essential requirements for each form of action. In *Publix Drug Co. v. Breyer Ice Cream Co.,* 347 Pa. 346, 32 A. 2d 413, plaintiff charged that defendant had wilfully and maliciously caused two judgments to be entered by confession against it on two judgment notes. This Court affirmed the entry of a judgment n.o.v. in favor of defendant, and said (pages 348, 349) :

"Decisions in this state and in other jurisdictions have drawn a distinction between actions for abuse

of legal process and those for malicious prosecution, which, when founded on civil prosecutions, are usually described as malicious use of civil process. The gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it: Mayer v. Walter, 64 Pa. 283; Annotation, 80 A.L.R. 581. . . . Malicious use of civil process has to do with the wrongful initiation of such process, while abuse of civil process is concerned with a perversion of a process after it is issued.

". . . It was essential in this case that plaintiff should show that the judgments were entered with malice, without probable cause to believe that the defendant could succeed, *and that the original actions finally ended in failure.**

"If action had been begun on these two notes by summons it would be clear that the action would be one for malicious use of civil process. Here it was started by entering judgments on the powers in the notes. It is just as clear that these present actions had to do with the initiation of proceedings and not the perversion of them. Actions similar to these— judgments entered by warrant of attorney—have been identified by the Superior Court as actions for malicious use of civil process: DeGeyter v. Keller, 68 Pa. Superior Ct. 419."

The essential elements as well as the distinction between a malicious use and an abuse of process was clearly pointed out in *Johnson v. Land Title Bank and Trust Co.*, 329 Pa., supra. The Court in its opinion said (pages 242, 243) : "Appellant brought suit against the two appellee banks for maliciously conspiring to injure his credit and business reputation by filing against him unsuccessfully an involuntary petition in

---

* Italics throughout, ours.

bankruptcy. Appellant was nonsuited . . . because the court believed that appellant failed to prove want of probable cause for the filing of the aggrieving petition.

" '. . . As every man has a legal power to prosecute his claims in a court of law and justice, no matter by what motives of malice he may be actuated in doing so, it is necessary in this class of cases to aver and prove that he has acted not only maliciously, but without reasonable or probable cause.' See also Garland v. Wilson, 289 Pa. 272, 137 A. 266, and Beadle v. Friel, 320 Pa. 560, 183 A. 761. . . . In Altman v. Standard Refrigerator Co., Inc., 315 Pa. 465, 173 A. 411, we held that to make out a case of malicious prosecution the burden is upon the plaintiff to prove affirmatively . . . that the defendant had no reasonable or probable cause for instituting the original criminal proceedings, and that the prosecution was malicious. This must be proved in addition to the termination of the proceedings in favor of the defendant in those proceedings. However, proof of want or probable cause and of malice may be founded on circumstantial evidence. See Payne v. East Liberty Spear Co., 323 Pa. 100, 185 A. 853, and Stinson v. Smith et al., 329 Pa. 177, 196 A. 843." See also *Byers v. Ward,* 368 Pa. 416, 421, 84 A. 2d 307, in which the *Johnson* case and the *Publix Drug Co.* case are reaffirmed, and the Court once again points out that "the question of want of probable cause is exclusively for the court."

Whether plaintiff's claim be for an abuse of process (as it alleges) or whether it be considered an action for malicious use of process (which it really is), it is clear, considering the facts which it avers and the essential facts which it signally fails to aver, that plaintiff has failed to state a valid legal claim.

Order affirmed.