## Commonwealth of Pennsylvania *v.* Folcroft Landfill Corporation.

Argued January 4, 1971, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

*Douglas R. Blazey,* Special Assistant Attorney General, with him *Carl L. Mease,* Assistant Attorney General, and *Fred Speaker,* Attorney General, for plaintiff.

*R. J. Woodside,* with him *Woodside, Woodside & Zwally, Guy G. deFuria, Fronefield, deFuria & Petrikin,* for defendant.

OPINION BY JUDGE KRAMER, March 16, 1971:

This is an original jurisdiction action in equity brought by the Commonwealth of Pennsylvania seeking injunctive relief against the Folcroft Landfill Corporation (Folcroft) under and within the purview of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L.    (Act No. 223), 17 P.S. 211.101.

According to the averments of the complaint, Folcroft operates a sanitary landfill or solid waste disposal facility in the Borough of Folcroft, Delaware County. This facility comprises approximately 200 acres of what is known as the Tinicum Marsh, which is an esturine marsh of about 1,300 acres abutting on both sides of Darby Creek in Delaware and Philadelphia Counties. The Folcroft Landfill has been in operation for about eight years.

The Commonwealth's complaint alleges violations of (1) The Pennsylvania Solid Waste Management Act, Act of July 31, 1968, P. L.    , 35 P.S. 6001, as amended; (2) The Clean Streams Law, Act of June 22, 1937, P. L. 1987, 35 P.S. 691, as amended; (3) The Air Pollution Control Act, Act of January 8, 1960, P. L. 1959, 35 P.S. 4001, as amended; and (4) The Fish Law of 1959, Act of December 15, 1959, P. L. 1779, 30 P.S. 1, as amended.

Folcroft filed preliminary objections setting forth the defense of laches, the existence of an adequate remedy at law, and a want of specificity in the complaint. Thereafter the Commonwealth filed preliminary objections in the nature of a demurrer to Folcroft's preliminary objections. After the filing of the preliminary objection pleadings by both parties, they stipulated to withdraw all preliminary objections except those which relate to the issue of laches.

In view of the fact that the preliminary objections of the Commonwealth are in the nature of a demurrer,

we must assume that all of the allegations raised by Folcroft in its preliminary objections are admitted by the Commonwealth for the purpose of disposing of the preliminary objections of the Commonwealth. *Bogash v. Elkins,* 405 Pa. 437, 176 A. 2d 677 (1962); *Ross v. Metropolitan Life Insurance Company,* 403 Pa. 135, 169 A. 2d 74 (1961); *Dumont Television & Radio Corporation v. Franklin Electric Company,* 397 Pa. 274, 154 A. 2d 585 (1959); *Erie v. Gulf Oil Corporation,* 395 Pa. 383, 150 A. 2d 351 (1959); *Silver v. Korr,* 392 Pa. 26, 139 A. 2d 552 (1958).

The pertinent allegations of Folcroft's preliminary objections are that (1) Folcroft utilizes equipment in connection with the operation of the landfill valued at approximately $450,000; (2) that Folcroft has been operating its landfill operation for approximately eight years; (3) that the Commonwealth, through certain state officials, aided Folcroft in obtaining permission to operate the landfill from the Borough of Folcroft by having members of the Department of Health explain landfill operations to the borough officials; and (4) that agents of the Commonwealth regularly inspected Folcroft's landfill operations, during which period of time both the Commonwealth and the Borough of Folcroft considered the landfill operation to be legal.

The first question which must be answered in disposing of the preliminary objections is whether the defense of laches ever may be used by a defendant in a case where the Commonwealth seeks injunctive relief. The affirmative answer to this question was discussed in *Commonwealth ex rel. Attorney General v. Bala and Bryn Mawr Turnpike Company,* 153 Pa. 47, 25 A. 1105 (1893) where the court held that under common law principles, time does not run against the sovereign; however, where there are substantial elements of preju-

dice, equity may require that the sovereign be estopped from exercising its legal rights.

This principle was reaffirmed in the case of *Stahl v. First Pennsylvania Banking and Trust Company,* 411 Pa. 121, 128, 191 A. 2d 386, 390 (1963) where the court said: "The essence of any claim of laches is an estoppel as a result of prejudicial delay." The court, in *Stahl,* citing many cases, clearly states: "Furthermore, the defense of laches may be asserted against the Commonwealth." In view of the clear ruling in the *Stahl* case, the preliminary objections of the Commonwealth must be overruled.

We next turn to the preliminary objections of Folcroft, as they relate to laches, and once again referring to *Stahl,* the court said: "The law is well-settled that a complaint or petition will be dismissed by the Court on preliminary objections if laches clearly appears as here in the petition itself." In considering Folcroft's preliminary objections, we follow the well-established rule that preliminary objections admit as true all facts which are well and clearly pleaded, but not the pleader's conclusions or averments of law. *Bogash v. Elkins, Ross v. Metropolitan Life Insurance Company, Dumont Television & Radio Corporation v. Franklin Electric Company, supra.* Taking into account that the allegations of Folcroft's preliminary objections are admitted by the Commonwealth, and that the allegations of the complaint in equity are also admitted as being true, we hold that there are still not facts which can be derived from these various admitted facts upon which the Court can determine as a matter of law that the Commonwealth is guilty of laches.

In *Grote Trust,* 390 Pa. 261, 269, 135 A. 2d 383, 387 (1957) the Court states: "Laches arises when a defendant's position or rights are so prejudiced by length of time and inexcusable delay, plus attendant facts and

circumstances, that it would be an injustice to permit presently the assertion of a claim against him."

In the case of *Rush v. Butler Fair and Agricultural Association,* 391 Pa. 181, 186, 137 A. 2d 245, 248 (1958), it was held, "It is true that a Chancellor has the duty to dismiss a complaint on preliminary objections if laches clearly appear from the averments thereof, West v. Young, 332 Pa. 248, A. 2d 745 (1938), but it is only in cases which are clear and free from doubt this duty arises . . . usually the question of laches can be determined only after the court has had an opportunity to appraise the evidence and so determine whether a valid reason exists for the delay in bringing suit."

It is the ruling of this Court that even admitting all of those allegations in both the complaint of the Commonwealth and the preliminary objections of Folcroft, there are still not sufficient facts upon which this Court can determine, as a matter of law, that the Commonwealth is guilty of laches. In overruling the preliminary objections of Folcroft we do so without prejudice so that Folcroft will be free to develop any defense it may desire to develop, including laches, in the remaining pleadings to be filed in this case or at any trial which may arise.

Having concluded that the preliminary objections of both the Commonwealth and Folcroft should be overruled, we make the following:

### ORDER

AND NOW, March 16, 1971, all of the preliminary objections filed by the Commonwealth of Pennsylvania and by Folcroft Landfill Corporation are hereby overruled, and the defendant is ordered to file an answer within 30 days from the date hereof.