Edward E. Williams, Box 244 Graterford, Pennsylvania *v.* Pennsylvania Board of Probation and Parole, Classification Center, State Correction Center, State Correctional Institution at Camp Hill, Camp Hill, Pennsylvania.

Argued January 20, 1971, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER, and ROGERS.

*F. Emmett Fitzpatrick, Jr.,* with him *Fitzpatrick & Smith,* for plaintiff.

*Frank P. Lawley, Jr.,* Deputy Attorney General, with him *Fred Speaker,* Attorney General, for defendant.

OPINION BY PRESIDENT JUDGE BOWMAN, April 12, 1971:

Before us in this case are preliminary objections in the nature of a demurrer by defendant, the Pennsylvania Board of Probation and Parole, to plaintiff's complaint in mandamus. The substantive issue raised is whether the Board erred as a matter of law in denying plaintiff certain "street time" served on parole. However, we must first dispose of a jurisdictional issue.

The jurisdiction of this Court over the subject matter was raised by the Court on its own motion. We did so because of the substantial number of cases filed in this Court since it was organized by which prisoners in state correctional institutions seek to have this Court review their trial and conviction for criminal offenses, their sentence or incarceration, or matters pertaining to their parole, revocation of parole and reparole.

Because of the very limited original and appellate jurisdiction of this Court as declared in the Appellate Court Jurisdiction Act of July 31, 1970, P. L. (Act No. 223) effective September 11, 1970, an early judicial determination of our jurisdiction in these areas is indicated for the guidance of all concerned.

## JURISDICTION OF THIS COURT

Section 401 of the Appellate Court Jurisdiction Act, *supra,* declares that the Commonwealth Court shall have original jurisdiction of all civil actions or proceedings against the Commonwealth or any officer thereof acting in his official capacity except "actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the Court."[1]

---

[1] Section 402 of said Act declaring the jurisdiction of the Commonwealth Court with respect to appeals from Courts of Common Pleas contains identical provisions.

In the instant case both parties rely upon this provision as conferring jurisdiction upon this Court to entertain this mandamus action inasmuch as it is a *civil* action directed against a State agency which draws into question an issue traditionally within the scope of mandamus. They also contend that it is not an action or proceeding—however labelled or captioned—which in substance constitutes a direct or collateral attack upon a criminal trial and conviction or the legality of sentence imposed after conviction. Hence they contend it is not an action or proceeding in the nature of an application for a writ of habeas corpus or for post-conviction relief.

We agree but would further point out that prior to the creation of the Commonwealth Court and the passage of the Appellate Court Jurisdiction Act this same limited jurisdiction was enjoyed by the Court of Common Pleas of Dauphin County, *Commonwealth ex rel. Johnson v. Bookbinder,* 213 Pa. Super. 335 (1968), which historically docketed such cases in its "Commonwealth Docket".

Section 401 of the Appellate Court Jurisdiction Act, *supra,* in subsection (3) declares that the Commonwealth Court shall also have original jurisdiction in civil proceedings as conferred upon it by Section 508 of the Act. Section 508(c) in turn provides that all civil actions entered in the "Docket of Commonwealth Cases" in the Court of Common Pleas of Dauphin County shall now be encompassed within the jurisdiction of the Commonwealth Court.

These latter provisions serve not only to buttress the certainty of our jurisdiction in this limited area but also to define its perimeters. Prior to the adoption of the Appellate Court Jurisdiction Act, it was well settled by decisional law that the Court of Common Pleas of Dauphin County had no jurisdiction to entertain actions which in substance constituted direct or collat-

eral attacks upon criminal convictions or sentences imposed after conviction, either originally or by way of appeal from a lower court order; and this was so notwithstanding the fact that a State agency or State official or the Commonwealth itself was named as a party.

We, therefore, conclude that the instant action is within the original jurisdiction of this Court. Being civil in nature it is subject to the rules of procedure and practices as prescribed by the Pennsylvania Rules of Civil Procedure and Rules of Court applicable to this class of civil actions.

### PRELIMINARY OBJECTIONS

The Board asserts that plaintiff's complaint fails to state a cause of action in mandamus for which the relief sought by plaintiff can be granted.

Unfortunately, both plaintiff and defendant in their briefs and at oral argument did not limit themselves to the narrow issue raised by the preliminary objections. With the aid of crucial facts recited in their briefs, which are not found in the complaint, they treated the case as though it were before the Court on its legal merits.

While it is usually necessary to probe into the underlying legal issue for the purpose of disposing of preliminary objections in the nature of a demurrer, and on rare occasions involving a well pleaded complaint containing all essentianl fact averments, a court may reach and dispose of the case on its legal merits, such is not the case here. We cannot and will not rely upon critical facts supplied in briefs, even though undisputed, as a substitute for pleadings or in aid of disposing of preliminary objections.

The complaint in the present case is not well pleaded as it omits essential averments of fact upon which the underlying legal issue will rest. By averments containing a mixture of fact and legal conclusions, the

plaintiff would have this Court follow its factually unsupported reasoning to the conclusion that the Board has committed an error of law in denying him certain "street time". Similarly, the Board would have us reach the opposite conclusion largely upon facts supplied in its brief.

For the purpose of disposing of the Board's preliminary objections, we must, of course, follow ". . . the well established rule that preliminary objections (or pleadings in the nature thereof) admit as true all facts which are well and clearly pleaded, but not the pleader's conclusions or averments of law: Bogash v. Elkins, 405 Pa. 437, 176 A. 2d 677; Ross v. Metropolitan Life Ins. Co., 403 Pa. 135, 169 A. 2d 74; Dumont Television & Radio Corp. v. Franklin Electric Co., 397 Pa. 274, 154 A. 2d 585; Erie v. Gulf Oil Corporation, 395 Pa. 383, 150 A. 2d 351; Silver v. Korr, 392 Pa. 26, 139 A. 2d 552." *Stahl v. First Pennsylvania Bank and Trust Company,* 411 Pa. 121, 126, 191 A. 2d 386 (1963), cf. *Reilly v. Pyle,* 49 D. & C. 2d 570 (1970) ; *Oberleitner v. Bolinger,* 42 D. & C. 2d 623 (1967).

This rule requires that the facts as set forth in the complaint be "clearly pleaded" so that the Court may consider them as true and complete in dismissing or sustaining defendant's preliminary objections in the form of a demurrer. Where as here the complaint lacks such a complete recitation of the facts essential to a full disposition of the case at hand, the Court cannot in the sound exercise of its discretion apply the letter of the above principle. The principle operates in favor of the plaintiff who has carefully and completely set forth the facts supporting the legal conclusion he seeks to impress upon the Court in his complaint. Where the plaintiff has not sufficiently established such clear facts in his complaint, he cannot receive the benefit of such principle, and the defendant's preliminary ob-

jections could be sustained for plaintiff's failure to set forth a legal cause of action.

In accord with the spirit of Rule 1028 of the Pennsylvania Rules of Civil Procedure, we are eager to foster liberal amendment procedures to relieve against inadequate pleadings so as to insure a full hearing on the merits. Where a better statement of the facts could establish a cause of action and where the complaint is not inherently unsound but only incomplete, this Court is reluctant to sustain the preliminary objections or to grant judgment. The question before us is not simply whether the plaintiff could obtain the desired relief against the Board on the basis of his present complaint but whether that complaint excludes the possibility of such relief under a fuller statement of the facts. We are not prepared to conclude on the basis of the complaint before us as well as on the unsupported recitals of fact in the briefs that no possibility for the relief sought could exist if a better statement of the facts were presented.

We must therefore overrule the defendant's preliminary objections because of this possibility. We shall direct the plaintiff to file an amended complaint setting forth with particularity and clarity those critical facts essential to a final disposition of this factually complicated case, and shall further direct the Board to answer or otherwise plead to such amended complaint.

Accordingly, we make the following

### ORDER

NOW, April 12, 1971, the preliminary objections of the Pennsylvania Board of Probation and Parole are hereby overruled. The plaintiff, Edward E. Williams, is directed to file an amended complaint within twenty (20) days of the date of this order and defendant is directed to answer or otherwise plead to plaintiff's amended complaint within twenty (20) days of its service upon the Board.