## Ward v. Daugherty

*William C. Kuhn,* for plaintiffs.

*Sherman K. Levine* and *Frank J. Piatek,* for defendants.

LYON, J., March 25, 1974.—Defendants filed a preliminary objection in the nature of a demurrer to the complaint in equity. Preliminary objections in the nature of a demurrer admit as true all facts which are well and clearly pleaded, but not the pleader's conclusions therefrom or averments of law: Erie v. Gulf Oil Corporation, 395 Pa. 383, 150 A. 2d 351 (1959).

In their complaint, plaintiffs seek to enjoin defendants from defaming their son's morals. They specifically allege that defendant-wife has falsely and with

malice publicly accused plaintiffs' son of misbehavior, involving moral turpitude, well knowing when she made and published the accusation that it was totally false. Defendants concede, as they must, that the complaint states a good cause of action at law: Restatement, Torts, §873.

However, defendants contend that a personal defamation will not be restrained by a court of equity. No Pennsylvania appellate court authority has been cited by the parties, and none was discovered by our research where the question was either discussed or decided. It is undoubtedly true that the large majority of cases hold that equity will not grant an injunction restraining the publication of matters defaming plaintiff: 42 Am. Jur. Defamation of the Person, §136.

"While the adequacy of the legal remedies by way of an action for damages or by criminal prosecution has frequently been advanced as a ground for the denial of injunctive relief, the principal grounds for equity's reluctance to extend its operation to this field appears to be (1) the traditional limitation of equitable jurisdiction to the protection of property rights, and (2) the fear that to grant such relief will violate the constitutional rights of freedom of speech and press and of trial by jury": 47 A. L. R. 2d 716.

The rule denying injunctive relief in personal defamation cases has been severely criticized by legal scholars.* In our judgment, neither a criminal prosecution nor an action for damages constitute an adequate remedy at law when the defamation, as alleged here, is of a continuing nature. If injunctive relief is otherwise proper, it will not be denied merely because

---

* See: Pound, Equitable relief against defamation and injuries to personality, 29 Harvard Law Review 640; Restatement, Torts, §942, comment (d).

it concerns a criminal act. It is also apparent that the limiting injunctive relief to the protection of property rights is now largely abandoned. The Restatement, Torts states: "Thus injunctive relief is available for the protection of interests of personality, even though the harm done or threatened consists of nothing more than injury to feelings, sensibility or honor. Examples are interests in privacy, in personal reputation and in the domestic relations": (Section 937, Comment (a), Vol. 4, at page 700.

The emphasis upon jury trial stems from the eighteenth century, when the battle for freedom of speech gave jury trial peculiar significance in criminal proceedings for libel. Since the defamation alleged in the instant case was of a criminal nature, defendants' right to jury trial is undoubtedly preserved and protected by the Pennsylvania Constitution, article 1, sec. 6, which provides, "Trial by jury shall be as heretofore, and the right thereof remain inviolate." But since a jury may be empaneled in an injunctive proceeding in a court of equity pursuant to Pennsylvania Rule of Criminal Procedure 1513, defendant will not be denied his constitutional right to trial by jury in this injunctive proceeding.

During the course of oral arguments, the court expressed deep concern about the chilling effect of injunctive relief upon the constitutionally protected first amendment right of free speech. Although numerous courts have refused injunctive relief for personal defamation on this ground, we think that such a rule sweeps too broadly. The availability of injunctive relief must be decided by balancing the public need for freedom of expression against the need for protection of the private interest against the defamatory conduct. In the instant case, the need for the protection of plaintiffs' son far outweighs any

public need for freedom of expression of the kind alleged. "The public interest in the freedom of speech is degraded when it is used as a shield for tortious harms caused by statements of a wholly private significance": Restatement, Torts, §942, comment (d).

In the light of the foregoing discussion and citations of authority, it is apparent that the preliminary objection must be dismissed. When the sustaining of defendants' preliminary objection will result in the dismissal of a suit, it should be sustained only in a case which is clear and free from doubt: Savitz v. Weinstein, 395 Pa. 173, 149 A. 2d 110 (1959); London v. Kingsley,368 Pa. 109, 81 A. 2d 870 (1951).

## ORDER OF COURT

Now, March 25, 1974, for the reasons stated in the foregoing opinion it is ordered, adjudged and decreed that defendants' preliminary objection in the nature of a demurrer be dismissed.

