## Ashton v. Hancher

*Lawrence R. Zewe*, for plaintiff.
*Charles C. Keller*, for defendant.

DiSALLE, J., February 26, 1971.—This matter is before us on defendant's preliminary objections in the nature of a demurrer to plaintiff's complaint in trespass.

Plaintiff owns a farm in Donegal Township, Washington County, Pa., on which he maintains a pack of fox hounds and other dogs. Plaintiff alleges

that he has a current kennel license which authorizes him to keep such dogs on his premises without actually affixing to each one the individual licenses which are issued.

Defendant is an officer in the Bureau of Dog Law Enforcement, Department of Agriculture, Commonwealth of Pennsylvania, assigned to Washington County.

On or about March 1, 1970, defendant received a complaint from a Mr. Shaler, of West Alexander, Pa., claiming sheep damage, and notifying defendant that he had shot the responsible dog, a large English pointer allegedly owned by plaintiff. Apparently, defendant investigated the charge and a private settlement between the parties was proposed.

On or about May 21, 1970, defendant received a complaint from the said Mr. Shaler that plaintiff had not made private settlement of the dispute. Defendant thereupon arrested plaintiff for allowing one of his dogs to run at large without a license.

The charge was filed May 28, 1970, before Magistrate Mrs. Evogene Smith. After a hearing, plaintiff was found guilty and paid a $50 fine and then appealed to the Court of Common Pleas, which appeal is pending.

The complaint avers that "defendant is using the power of his office to maliciously use legal process and maliciously abuse a legal process for the enforcement of an unjust claim" and that "the actions of the defendant in misusing and abusing a legal process are willful and malicious."

Defendant argues that it cannot be ascertained from the complaint whether the action is one for malicious use of process or malicious prosecution on the one hand, or, on the other hand, an action for abuse of legal

process. Defendant contends that in any event, the complaint is subject to a demurrer for the reason that, whichever the cause of action, the necessary elements of either cause have been omitted from plaintiff's pleading.

We agree that the complaint does not make clear whether it is based on malicious use of process or on abuse of legal process. In fact, in his brief, plaintiff states that he intended to bring an action based upon abuse of legal process, and requests that we give him an opportunity to amend his complaint toward this end.

As we read the authorities, there is some confusion in the cases as to the distinction between malicious use of process (malicious prosecution) and abuse of legal process. Defendant refers us to Levin's Summary of Pennsylvania Jurisprudence, Torts, Sections 236, et seq. Under 236, we find the following: "The gist of an action for abuse of process is the improper use of process after it has been issued, that is, where the party employs it for some unlawful object, not the purpose which it is intended by the law to effect, or, in other words, a perversion of it." Under Section 250 of the same work, we find the following: "Malicious use of process may refer to either civil or criminal process. Thus, malicious use of civil process has to do with the wrongful initiation of process in civil proceedings. Malicious use of criminal process has to do with the wrongful initiation of criminal process and is commonly called 'malicious prosecution.' "

The aforesaid distinction is recognized in the American Law Institute, Restatement of the Law of Torts, Sections 674 and 682. The distinction is crucial here since if the complaint is based on malicious use of process, plaintiff cannot proceed until the original proceedings have been terminated in his favor, and this,

of course, has not happened since his appeal from the decision of the justice of the peace is still pending here.

See Beadle v. Friel (1936) 320 Pa. 560, 183 A 761; Herron v. Universal Auto Loan Co., 51 D. & C. 215 (1944); Van Sant v. American Express Co. 169 F. 2d 355 (1947). On the other hand, if the plaintiff's claim is based on an abuse of legal process, he needs no such determination of the prior proceedings in his favor. Curiously enough, rather than stating, as one would expect, that the type of action brought would determine the necessity of prior favorable determination, Levin says this in his Summary aforesaid, under Section 236: "In the final analysis, if the present plaintiff must await the termination of the proceedings begun against him by the defendant before he can maintain an action therefor the action is one for malicious use of process. On the other hand, if the present plaintiff has an immediate right of action against the defendant by reason of the interference with or seizure of plaintiff's person or property through the medium of legal process, the action is one for abuse of process."

It is our opinion that if plaintiff has a cause of action it is one for malicious use of process and not for abuse of legal process, and plaintiff's counsel conceded this at oral argument. Therefore, since plaintiff's appeal is undisposed of, the action in trespass is premature and it should be dismissed.

Accordingly, we make the following

## ORDER

And now, this February 26, 1971, defendant's demurrer is sustained and plaintiff's complaint is dismissed.